UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NAQUONE TAYLOR,

                Plaintiff,

           - against -

WOODHULL DELI CORP. d/b/a BROADWAY
GOURMET DELI & CAFÉ and BROADWAY
GOURMET DELI & GRILL CORP. d/b/a
BROADWAY GOURMET DELI & CAFÉ,

                Defendants.
-----------------------------------------------------------------X

ORDER ADOPTING
REPORT AND RECOMMENDATION
15-CV-4461 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

        Plaintiff Naquone Taylor commenced this action through counsel on July 30, 2015 against defendants Broadway Gourmet Deli & Grill Corp. ("Broadway Gourmet"), Woodhull Deli Corp. ("Woodhull Deli"), and Mercer Square Owners Corp. ("Mercer Square"). (*See generally* Compl. (Doc. No. 1).) On February 1, 2016, Taylor filed an amended complaint. (*See* Doc. No. 11.) On February 3, 2016, Taylor voluntarily dismissed the action as to Mercer Square pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A) and subsequently requested a certificate of default as to Broadway Gourmet and Woodhull Deli. (*See* Dismissal (Doc. No. 12); 5/3/2016 Certificate of Default (Doc. No. 14).)

        Following Taylor's request for a certificate of default, the Clerk of Court sought information from Taylor's counsel with respect to service of the amended complaint. (*See* 12/19/2016 Report and Recommendation ("R&R") (Doc. No. 29) at 1.) After Taylor failed to provide any information regarding service, the magistrate judge assigned to this case, the Honorable Steven M. Gold, directed Taylor to submit a status report by June 23, 2016. (6/10/2016 Status Report Order) When Taylor failed to respond to the status report order, Judge

Gold issued an R&R recommending that this case be dismissed for failure to prosecute. (6/28/2016 R&R (Doc. No 15).) On July 15, 2016, Taylor sought additional time to serve, and on July 19, 2016, Judge Gold granted Taylor additional time.[1] (7/15/2016 Status Report; 7/19/2016 Scheduling Order.) Subsequently, Taylor filed affidavits of service, but neither Broadway Gourmet nor Woodhull Deli appeared at a November 10, 2016 status conference. (Summons (Doc. Nos. 24–25; 11/10/2016 Minute Entry (Doc. No. 28).) Accordingly, Judge Gold directed Taylor to seek entry of default by November 22, 2016. (11/10/2016 Minute Entry.)

Since the conference on November 10, 2016, Taylor has neither sought entry of default nor communicated with the Court in any way. (12/19/2016 R&R at 2.) On December 19, 2016, Judge Gold issued a second R&R recommending that the action be dismissed for failure to prosecute and reminded the parties that, pursuant to 28 U.S.C. § 636(b), any objections to the R&R had to be filed by January 2, 2017. (*Id.*) That deadline passed, and no party filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Rule 72, the Court has reviewed the 12/19/2016 R&R for clear error and, finding none, concurs in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

Rule 41(b) governs the dismissal of an action for failure to prosecute, providing that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may

---

[1] Judge Gold's 6/28/2016 Order conditioned that the Court would not dismiss the instant case if Taylor provided a status report and service information by 7/15/2016. (*See* 6/28/2016 R&R.) Taylor provided the requested information. (*See* 7/15/2016 Status Report (Doc. No. 16).) As such, the 6/28/2016 R&R recommending that this case be dismissed for failure to prosecute is moot.

move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) also "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Storey v. O'Brien*, 482 Fed. App'x 647, 648 (2d Cir. 2012).

In considering whether dismissal is proper, courts consider the following factors: (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *See Davis v. Town of Hempstead*, 597 Fed. App'x 31, 32 (2d Cir. 2015). Generally, no one factor is dispositive. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Here, the requisite factors, on balance, support Judge Gold's recommendation.

## CONCLUSION

Accordingly, the Court adopts the 12/19/2016 R&R of Judge Gold (Doc. No. 29). It is hereby ordered that this case is dismissed with prejudice for failure to prosecute. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: Brooklyn, New York
       March 8, 2017

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge

3